UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-24178-CIV-ALTONAGA/Simonton

MARVELUS SATTIEWHITE III,
and KIRK A. KENNEDY,

Plaintiffs,

v.

KULA & SAMPSON, LLP, *et al.*,

Defendants.

_____/

PLAINTIFFS' MOTION FOR
RECONSIDERATION OF THE COURT'S MAY 29, 2013 ORDER

"*Seeking sanctions from this Court is not a display for an inability to overlook obnoxious conduct, but an indication of a commitment to basic concepts of justice and respect for the mores of the profession of law. The movant has turned to the Court to give force to a basic professional tenet." Principie v. Assay Partners,* 586 N.Y.S.2d 182, 186 (Sup. Ct. 1992).

Plaintiffs Marvelus Sattiewhite, III, and Kirk A. Kennedy ("Plaintiffs") file *Plaintiffs' Motion for Reconsideration of the Court's May 29, 2013 Order* and ask the Court to reconsider its denial of *Plaintiffs' Motion to Strike and Motion for Sanctions Against Intervenors and Memorandum of Law in Support*.

1.      On May 29, 2013, the court signed an *Order* [Doc. 85] (the "Order") denying *Plaintiffs' Motion to Strike and Motion for Sanctions Against Intervenors and Memorandum of Law in Support* [Doc. 84] (the "Motion"). The court declined to decide the Motion on the Merits. The court relied on Federal Rule of Civil Procedure 12(g)(2), finding that Plaintiffs' 12(b)

motion (filed four days earlier) precluded Plaintiffs from later bringing a 12(f) motion. The court should reconsider this ruling for the following reasons:

## I.   PLAINTIFFS' 12(F) MOTION WAS TIMELY BECAUSE THE COURT GRANTED PLAINTIFFS AN EXTENSION TO RESPOND

2.      On May 15, 2013, the Court signed an order granting Plaintiffs an extension to respond to the Amended Complaint in Intervention until May 28, 2013. [Doc. 77].  Plaintiffs filed their Motion to Strike and Motion for Sanctions on May 28, 2013, before the deadline imposed by the Court had expired.  [Doc. 84].  The Motion could be considered an amended or supplemental responsive motion under the liberal rules of pleading.[1] Striking the Motion penalizes Plaintiffs for filing part of their Rule 12 arguments earlier than required. Because the Motion was filed within the time permitted for responsive motions, Plaintiffs request that the Court vacate the Order and decide the Motion on the merits.[2]

## II.  THE COURT MAY TAKE UP A MOTION TO STRIKE AT ANY TIME IT CHOOSES

3.      Even if Plaintiffs' Motion to Strike is barred by Rule 12(g)(2), this Court should take up Plaintiffs' motion on its own initiative as permitted by Rule 12(f).[3] Because of Intervenors' bad faith in including the scandalous allegation in the *Amended Complaint in Intervention* [ECF No. 67], and because of the embarrassing and offensive nature of the

---

[1] *cf. Bonilla v. Trebol Motors Corp*., 150 F.3d 77, 81 (1st Cir. 1998) (finding 'plaintiffs' opposition to summary judgment--of which the defaulting defendants had notice--as a de facto amendment or supplement to the complaint's allegations.").

[2] *cf. Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc*., 740 F.2d 1499 (11th Cir. 1984) (Noting "strong policy of determining cases on their merits").

[3] FED. R. CIV. P. 12(f)(1); *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) ("Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord despite the fact that its attention was prompted by an untimely filed motion."); *See also FDIC v. British-American Corp.,* 744 F.Supp. 116, 117 (E.D.N.C.1990); *National Union Fire Ins. v. Alexander,* 728 F.Supp. 192, 194 (S.D.N.Y.1989); *Krauss v. Keibler-Thompson Corp.,* 72 F.R.D. 615, 617 (D.Del.1976); *Uniroyal, Inc. v. Heller,* 65 F.R.D. 83, 86 (S.D.N.Y.1974); *Stonybrook Tenants Ass'n v. Alpert,* 29 F.R.D. 165, 168 (D.Conn.1961).

scandalous allegation, the court should exercise its discretion and strike the scandalous allegation. Plaintiffs request that the Court reconsider the Order and proceed to decide the Motion on the merits.

### III.  THE COURT HAS INHERENT AUTHORITY TO SANCTION INTERVENORS FOR BAD FAITH

4.      Even if the Motion is barred by Rule 12(g)(2), the request for sanctions in the Motion is still timely.[4]  The court should exercise its inherent power and sanction Intervenors for their bad faith conduct.  This Court has inherent power to sanction parties for acting in bad faith, vexatiously, wantonly, or for oppressive reasons.[5]  Mr. Cochell acted in bad faith by submitting a pleading which contained a scandalous allegation, intending to embarrass and intimidate a party opponent and former client, and thereby violating multiple professional rules of conduct in the

---

[4] The Court's jurisdiction to sanction attorney misconduct is nearly eternal.  *See Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) ("The interest in having rules of procedure obeyed, by contrast, does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction…there is no constitutional infirmity under Article III in requiring those practicing before the courts to conduct themselves in compliance with the applicable procedural rules …, and to allow the courts to impose Rule 11 sanctions in the event of their failure to do so."); *Park Nat'l Bank v. Kaminetzky*, 976 F. Supp. 571, 573 (S.D. Tex. 1996)("Although this Court does not have jurisdiction over the merits of the remanded action, the Court retained jurisdiction to impose sanctions, costs, and fees.") (citations omitted); *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) ("The district court, however, retains jurisdiction to resolve motions for sanctions and attorneys' fees while a judgment on the merits is pending on appeal.  Such motions are collateral to the merits, so the appeal does not divest the district court of jurisdiction….  Even if the Court lacked jurisdiction to alter the judgment on the merits, it retained jurisdiction to resolve sanctions and fee issues…"); *Accord In re Bennett*, 960 S.W.2d 35 (Tex. 1997) (After Removal, Court retains jurisdiction to sanction counsel, as a collateral matter not inconsistent with the merits); *Sutphin v. Tom Arnold Drilling Contr., Inc.*, 17 S.W.3d 765 (Tex. App.)  (Even after plenary power expires, Court possesses the inherent power to award sanctions for false affidavits); *Risker v. Comm'n for Lawyer Discipline*, 94 S.W.3d 625, 632 (Tex. App.)  ("This disciplinary proceeding was for the purpose of enforcing the Supreme Court's regulatory power over attorneys licensed by the State.  Accordingly, the trial court did not err in refusing to stay the proceedings [against Attorney who filed a bankruptcy petition] until the stay was lifted.")

[5] *Chambers v. Nasco, Inc.*, 501 U.S. 32, 33, 43 (1991) ("[T]he court may safely rely on its inherent power if, in its informed discretion, neither the statutes nor the rules are up to the task" . . . "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking a court's inherent power is a finding of bad faith"); *see also Patsy v. Patsy*, 666 So.2d 1045 (Fla. 4th DCA 1996); *Moakley v. Smallwood*, 826 So.2d 221 (Fla. 2002).

process.[6] In the absence of any legitimate reason to include the allegation, Intervenors' bad faith

is obvious and apparent.[7] The Intervenors' bad faith is further evidenced by Mr. Cochell's

admission that the scandalous allegation had no substantial purpose, refusal to correct the matter,

and lack of remorse.[8] Because of Intervenors' bad faith in including the allegation in their

Complaint,[9] and refusal to correct the matter once it was called to their attention, this Court

should exercise its inherent power to sanction Intervenors for their misconduct.

---

[6] [Doc. 84, ¶¶ 17-18, 25]; *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1308, 1321-1322, 1328 (11th Cir. 2002) ("We conclude that an attorney who submits documents to the district court that contain *ad hominem* attacks at opposing counsel is subject to sanction under the court's inherent power to oversee attorneys practicing before it" . . . "Additionally, the documents filed by Munson contain attacks upon the fitness of opposing counsel as a member of the bar, and they contain statements that can only be construed as thinly veiled physical threats" . . . "The district court's finding was correct because the remarks serve no purpose other than to harass and intimidate opposing counsel, and thus are inconsistent with basic rules of professional conduct that apply to Munson" . . . "By filing the documents containing remarks that served no purpose other than to harass and intimidate opposing counsel, Munson at best silently acquiesced to litigation tactics that flew in the face of baseline professional norms."); *See also Creed of Professionalism*, THE FLORIDA BAR, ("I will abstain from all rude, disruptive, disrespectful, and abusive behavior and will at all times act with dignity, decency, and courtesy.") (available at http://www.floridabar.org/; First go to hyperlink "Links"; then follow hyperlink "Creed of Professionalism") (last visited June 7, 2013).

[7] [Doc. 84, ¶¶ 9-10].

[8] [Doc. 84, ¶¶ 25-26, Exhibit "B"]

[9] Intervenor's injection of the scandalous allegation into their initial pleading was calculated to send a message to Plaintiffs-that their former attorney would disclose matters to embarrass or hurt them. *See* Moffitt, Michael (2005) "Pleadings in the Age of Settlement," Indiana Law Journal: Vol. 80: Iss. 3, Article 3:

> Beyond notice, pleadings serve an additional, unacknowledged function in the modern adjudicative system: pleadings define the problem or problems to be resolved. Pleadings represent the first official contact between the disputants regarding the circumstances giving rise to the legal complaint. It would hardly be surprising if carefully prepared, written, signed, and sworn pleadings had an impact on the disputants' perceptions about the nature of their disagreement with each other. The process of crafting a pleading invites disputants and their counsel to conceive of the problem in particular terms. The dispute is a "contract claim" or an "antitrust problem" or a "civil rights complaint." Receiving the other side's pleadings similarly shapes the way that a disputant internally defines the problem to be resolved. The pleadings that disputants draft and receive have an important effect on disputants' views of the problems they face.

## IV. THE COURT SHOULD RULE ON THE MOTION
### BECAUSE THE MISCONDUCT INVOLVED AFFECTS EVERY CASE

5.       Pleadings define the outcome in every case.[10] Officers of the Court cannot be allowed to misuse pleadings.[11]

### PRAYER

6.       For the reasons herein, Plaintiffs request that the Court reconsider its Order denying Plaintiffs' Motion to Strike and Motion for Sanctions Against Intervenors and Memorandum of Law in Support.

---

[10] *See Mackey v. Mendoza-Martinez*, 362 U.S. 384, 387-388 (1960) (Frankfurter, J. writing separately) ("No matter how sympathetic one may be towards liberalization of pleading and informality in judicial proceedings, the intrinsic demands of orderliness in the judicial process require that the issues on which this Court is to render judgment should be appropriately defined through pleadings and proceedings in the lower courts…").

[11] *See Nix* v. *Whiteside,* 475 U.S. 157, 166 (1986) (lawyer's "duty is limited to legitimate, lawful conduct compatible with the very nature of a trial as a search for truth"); *Revson v. Cinque & Cinque*, 70 F.Supp.2d 415 (S.D.N.Y. 1999) ("A lawyer's duty to represent his client zealously does not permit him to treat his adversary or parties in an offensive and demeaning manner…").

Dated: June 10, 2013

Respectfully submitted,

By: /s/ Scott Alan Orth, Esq.
**SCOTT ALAN ORTH, ESQ.**
Florida Bar No. 436313
scott@orthlawoffice.com
LAW OFFICES OF SCOTT ALAN ORTH, P.A.
3880 Sheridan Street
Hollywood, FL 33021
Telephone: 305.757.3300
Facsimile: 305.757.0071

And

By: /s/ Andrew R. Korn
Admitted Pro Hac Vice
e-mail address: akorn@kbdtexas.com
THE KORN DIAZ FIRM
4221 Avondale Avenue
Dallas, Texas 75219
Telephone: (214) 521-8800
Facsimile: (214) 521-8821

ATTORNEYS FOR PLAINTIFFS
MARVELUS SATTIEWHITE AND KIRK A.
KENNEDY

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

_____
ANDREW R. KORN

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF and served by electronic notification via CM/ECF on this 10th day of June, 2013, on all counsel or parties of record as reflected on the Service List below.

/s/Scott Alan Orth_____
SCOTT ALAN ORTH

## SERVICE LIST

Stephen R. Cochell, via srcochell@cochellfirm.com
Joseph Jesus Portuondo, via jjportuondo@aol.com
Robert Michael Klein, via KleinR@kgplp.com
Alex Diaz, via DiazA@kgplp.com
Andrew R. Korn, akorn@kbdtexas.com