## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:12-CV-24178 (ALTONAGA/SIMONTON)

MARVELUS SATTIEWHITE, III, AND
KIRK A. KENNEDY,

      Plaintiffs

vs.

KULA & SAMSON, L.L.P.,
ELLIOT B. KULA, DAN SAMSON,
ALDERMAN & KODSI,
JASON R. ALDERMAN, AND
NEIL D. KODSI

      Defendants.
_____

### INTERVENORS' MOTION FOR LEAVE TO FILE SUR-REPLY TO INTERVENOR-DEFENDANTS REPLY BRIEFS

Intervenors move to file a brief sur-reply brief regarding specific points raised in reply briefs filed filed by the Kula & Samson defendants and Kennedy & Sattiewhite. Intervenors respectfully submit that the following bullet points may assist the Court in its analysis of the pending motions to dismiss filed by Kennedy and Sattiewhite [Doc. 83], and the Kula Defendants [Doc. 83],.

1. The intervenor-defendants do not address the fact that Rule 23 prohibits class members to enter into collusive agreements with attorneys that award them almost a hundred times their court-approved compensation. In what appears to be a case of first impression, Intervenors request the Court to apply the principle that class members can collude with attorneys by entering into a contract that clearly awards legal fees to class members who have taken advantage of their status as class members to demand that the attorneys they authorized to act on their behalf in a

1

class action either reduce their fees or be fired.  In the instant case, the attorneys who succumbed to Kennedy and Sattiewhite's coercion were rewarded with an extra 10% of fees from Cochell's designated portion while Kennedy and Sattiewhite took 40% of the net recovery through settlement.  This type of collusive, predatory conduct by class members and attorneys cannot be tolerated in a system subject to the supervision of the district courts regardless of whether collusion occurs at the district court or appellate level.

2.    Kennedy & Sattiewhite's citation of In re *Checking Account Overdraft Litigation*, 830 F. Supp. 1330, 1362 n.30 (S.D. Fla. 2011), at page 4 of their reply memorandum, does not *remotely* support the proposition that objectors are not accountable to the Court, or free to enter into collusive agreements while a case is on appeal.  Indeed, the footnote *criticizes* objectors who attempt to profit from filing objections.  The Court clearly possesses supervisory authority, or the inherent power of courts to discipline lawyers and clients who seek to undermine fundamental principles of class actions; that class members who opt in to a class settlement cannot engage in the type of extortionate conduct undertaken by Kennedy and Sattiewhite.  District courts have supervisory authority to invalidate any contract or conduct that violates the public policies inherent in settlement of class actions to protect the integrity of the process and to protect the parties who *legitimately* participate in the process.  *See Piambino v Bailey*, 757 F.2d 1112, 1145-1146 (11th Cir. 1985) (court exercised *supervisory authority* to remove lead

class counsel for conflict of interest).[1]

3.   Any of the district courts within the Southern District of Florida have jurisdiction to prevent the abuse of the class action process.  Intervenors intervened in an ongoing lawsuit to protect their interests.  While the underlying class action is before another district judge within the district, there is no prohibition for this Court, which previously acquired jurisdiction over this case, to resolve the issues.  Alternatively, this court may transfer the case to Judge Furgeson for resolution.

4.   Even <u>assuming</u> that federal law does not apply, the intervenor-defendants fail to address *Mabry v Knabb*, 10 So.2d 330 (Fla. 1942) where the Florida Supreme Court which found that clients who entered into settlement agreements without notice to their prior lawyer, or without paying his fee, committed a fraud. *See Sentco v. McCullough*, 84 So.2d 498 (Fla. 1956); *Manzini & Associates, P.A.  v. Broward Sheriff's Office*, 976 So.2d 688 (Fla. App. 4th Dist. 2008).  Obviously, in *Mabry v. Knabb*, the prior attorney was not a party to the collusive settlement agreement. The Court did not allow the concept of standing to deprive the attorney of relief.

5.   Intervenors should not be deprived of compensation where, as here, Intervenors refused to enter into a collusive agreement with Kennedy & Sattiewhite that pays them legal fees that were not earned and where Cochell was required to change testimony (and commit perjury) as a precondition to obtaining greatly reduced

---

[1] Similarly, this Court has the inherent authority to supervise the practice of law by attorneys and attorney-class members seeking to manipulate the class action process by entering into illegal fee contracts.  Local Rule 11.1(c) (an attorney may be subjected to appropriate disciplinary action for violations of Rules Regulating The Florida Bar); *see McAtee v. Florida State Bar*, 162 B.R. 574 (ND Fla. 1993); *Stortecky v. Mazzone*, 85 N.Y.2d 518, 525, 626 N.Y.S.2d 733 (1995)( "It is well established that the Supreme Court has inherent power to supervise the fees attorneys charge for legal services").

payment for services rendered.  The public policy implications seem apparent---class members can authorize attorneys to act as their attorneys before the district court, then require them to reduce their fees (after counsel substantially perform their services) and commit perjury as a condition of getting paid their fees.

6.  Finally, the K&S defendants assert that $60,000 is the maximum recovery in a case in which they settled the case shortly after class counsel contacted Cochell to discuss settlement.  K&S unilateral determination of quantum meruit was in bad faith.  It is well established that the value of the services must be measured by the benefit conferred.  *Sohn v. Brockington*, 371 So.2d 1089, 1094 (Fla. 1st DCA 1979). In the instant case, K&S got 40% of the recovery and did not have to prepare a single brief on appeal, which was their primary assignment.  After gaining the benefit of Cochell's services as lead counsel at the trial level, K&S asks the Court to essentially discard principles of quantum meruit.

7.  Florida law is unclear on how charging liens are applied in class actions.  None of the cases cited by opposing counsel deal with Class members are not allowed to recover more than their court-approved damages, and may not be awarded 100 times their damages by taking their attorney's fees.  If attorneys subject to fee sharing agreement have disputed legal fees in their possession, a charging lien appears to be proper and appropriate to the circumstances.  Because the law is unsettled in this case, the Court may, pursuant to Rule 23, freeze the funds pending further order of the Court, or grant leave to counsel to file an appropriate charging lien as allowed by this Court.

Accordingly, intervenor-defendants' motions must be denied.

Very respectfully,

 /s/ Stephen R. Cochell
Stephen R. Cochell, Pro Se
The Cochell Law Firm, P.C.
Texas Bar No. 24044255
7026 Old Katy Rd., Ste 259
Houston, Texas 77096
(713)980-8796 (phone)
(713)980-1179 (facsimile)
srcochell@gmail.com

/s/ Joseph Portuondo
Joseph Portuondo
Florida Bar No. 33134
110 Merrick Way
Coral Gables, FL 33134
(305) 666-6640
Attorney for The Cochell Law
Firm, P.C. & Stephen R. Cochell

## CERTIFICATE OF COMPLIANCE

This is to certify that counsel for Intervenors contacted counsel for Intervenor-Defendants.  Counsel for the Kula & Samson defendants did not oppose the motion stating that: "The Intervenor-Defendants, Kula & Samson, Elliot Kula, and Daniel Samson do not believe that there is any valid reason for additional briefing, but do not oppose the Intervenor-Plaintiffs seeking leave of court to file a surreply."  Counsel for Kennedy and Sattiewhite opposed the motion unless counsel first provided a copy of the memo for their review.

## CERTIFICATE OF SERVICE

This is to certify that the Amended Complaint in Intervention was served through the Court's CM/ECF Filing system.

 /s/Joseph Portuondo

5