UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO:  1:12-CV-24178-ALTONAGA/SIMONTON

MARVELUS SATTIEWHITE, III and
KIRK A. KENNEDY,

       Plaintiffs,

vs.

KULA & SAMSON, L.L.P., ELLIOT B.
KULA, DANIEL SAMSON, ALDERMAN &
KODSI, JASON R. ALDERMAN and
NEIL D. KODSI,

       Defendants.
_____/

STEPHEN R. COCHELL, and
COCHELL LAW FIRM, P.C.

       Intervenor-Plaintiffs,

vs.

MARVELUS SATTIEWHITE, III,
KIRK A. KENNEDY,
KULA & SAMSON, LLP,
ELLIOT B. KULA, DANIEL SAMSON,
ALDERMAN & KODSI,
JASON R. ALDERMAN, and
NEIL D. KODSI,

       Intervenor-Defendants.
_____/

### DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT

Defendants, Kula & Samson, LLP, (hereinafter "Kula & Samson") Elliot B. Kula, and Daniel Samson, (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 56 and Southern District Local Rules 7.1 and 7.5 hereby file its *Statement of Undisputed Facts in Support of its Motion for Summary Judgment* and in support thereof state:



1. The Plaintiff, Kirk A. Kennedy, is a lawyer.[1] He received his Juris Doctor from the University of Nebraska in 1995.[2] He graduated 10th in his class, and was the executive editor of the Nebraska Law Review.[3] He received an LL.M. in taxation in 2007 from the University of Houston School of Law.[4]

2. Mr. Kennedy has been practicing law for eighteen (18) years.[5] In those years, Mr. Kennedy has served as a judicial clerk to a federal judge, an attorney in private practice, vice-president of tax and finance of Gulf Coast Business Development Corporation, and currently, managing director of Bankruptcy Trading & Investments, LLC.[6]

3. Amongst the duties listed at Gulf Coast Business Development Corporation, Mr. Kennedy engaged in "contract review and analysis."[7]

4. The other Plaintiff, Marvelus Sattiewhite, III, is also a lawyer.[8] Mr. Sattiewhite received his Juris Doctor from Thurgood Marshall School of Law in 2010.[9] Mr. Sattiewhite was formerly a partner of Lopez Sattiewhite LLP, in which he stated that he "[r]eviewed, drafted and negotiated contracts including but not limited to business purchase agreements, performance agreements with a major cable programming network, and distribution agreements with a Fortune 500 company."[10] Mr. Sattiewhite is currently the principal of The Sattiewhite Group, where he lists one of his duties as "[d]raft[ing] and

---

[1] See Exhibit "1" (Resume of Kirk A. Kennedy).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] See Exhibit "2" (Resume of Marvelus Sattiewhite, III).
[9] *Id.*
[10] *Id.*



review[ing] contracts including but not limited to an exclusive artist management agreement and real estate agreements.[11]

5. The Plaintiffs objected to a court approved settlement of a class action lawsuit where Bank of America allegedly charged the Plaintiffs and other Bank of America account holders excessive overdraft fees for ATM withdrawals.[12]

6. The Plaintiffs cannot articulate the actual damages it suffered from the acts complained of in the underlying litigation.[13]

7. Mr. Kennedy indicated the terms of compensation for the engagement. On or about October 16, 2011, Kirk Kennedy e-mailed Jason Alderman and Neil Kodsi and stated:

> I want to firm up the terms of your participation in this project. First let me say I appreciate your help thus far and hope that we can agree to terms.
>
> **Percentages**
>
> 1. I would like your firm, Alderman & Kodsi (A&K), to represent the Objectors for 20% of any gross attorneys' fees paid/awarded in connection with our objection. The 20% will be paid whether the matter is settled before the settlement hearing or on appeal.
>
> 2. Kula & Samson (K&S) will receive 30% if our objection is settled at or before the settlement hearing. Kula & Samson will receive 40% if the matter is settled after the settlement hearing AND their firm has filed a Notice of Appeal and Appellant's Brief.
>
> 3. The Cochell Law Firm will receive 50%. If there is an appeal, Cochell's percentage drops to 40%.[14]

8. Mr. Kennedy claimed that ***"I believe these percentages are fair given the role of each counsel and the work to be performed in the future."***[15]

---

[11] *Id.*
[12] See Plaintiff's Second Amended Complaint, D.E. 47, ¶ 14.
[13] See Exhibit "3" (Plaintiff Marvelus Sattiewhite, III's Responses to Defendant Kula & Samson's First Set of Rule 26.1(g) Interrogatories, ¶ 16) and Exhibit "4" (Plaintiff Kirk A. Kennedy's Responses to Defendant Kula & Samson's First Set of Rule 261.(g) Interrogatories, ¶ 16).
[14] See Exhibit "5" (E-mail from Kennedy to Alderman and Kodsi dated 10/16/2011).
[15] *Id.* (Emphasis added.)



9. Mr. Kennedy tasked each firm with specific responsibilities.[16]

10. He tasked himself with "review[ing] all doc[uments] and ensur[ing] that all clients execute engagement agreement.[17]

11. Mr. Kennedy was engaged in communications with all of the attorneys and law firms regarding the need for an engagement letter and indicated that he was finalizing the engagement letter.[18]

12. On October 26, 2011, Mr. Kennedy sent a draft of the Memorandum of Understanding ("MOU") to the attorneys and stated:

> My thought is that the [ ] Client engagement letter does not need to be complicated by the agreements among the Firms.
>
> Send me any comments to the MOU or if you have real heartburn over a particular provision please call me.[19]

13. On October 26, 2011, Mr. Kennedy finalized the MOU and sent it to counsel with instructions to sign and send back to him.[20]

14. On or about October 27, 2011, The Cochell Firm, P.C. ("Cochell Firm"), Kula & Samson, and Alderman & Kodsi (collectively "The Firms") executed the MOU.[21]

15. The MOU indicates that The Firms represent class members Kirk A. Kennedy and Marvelus Sattiewhite, III, along with four (4) other class members.[22]

---

[16] *Id.* See also Exhibit "6" (E-mail from Kennedy to Cochell, Kodsi, Kula, and Samson, dated 10/15/11).
[17] See Exhibit "6" (E-mail from Kennedy to Cochell, Kodsi, Kula, and Samson, dated 10/15/11).
[18] See Exhibit "7" (E-mail from Kennedy to Kodsi, Cochell, Kula and Samson, dated 10/20/11) and Exhibit "8" (E-mail from Kennedy to Kula, Cochell, Kodsi, and Samson, dated 10/25/11).
[19] See Exhibit "9" (E-mail from Kennedy to Samson, Cochell, Kula and Kodsi dated 10/26/11 [11:33 am]).
[20] See Exhibit "10" (E-mail from Kennedy to Kula, Cochell, Kodsi, and Samson, dated 10/26/11 [4:04 pm]).
[21] See Exhibit "11" (Memorandum of Understanding Between Law Firms).
[22] *Id.*



16. The MOU set forth different distributions for recovery. The MOU set forth that in the event of a recovery, Cochell Firm would receive 50% of "any gross attorneys' fees paid or awarded from any source;" Kula & Samson would receive 30% of "any gross attorneys' fees paid or awarded from any source if a settlement is reached or recovery is awarded prior to the filing of an appellate brief;" and Alderman & Kodsi would receive 20% of "any gross attorneys' fees paid or awarded from any source."[23] However, if a notice of appeal is filed, then the Cochell Firm would receive 40% "of any gross attorneys' fees paid or awarded from any source;" and Kula & Samson would receive 40% "if a settlement is reached after K&S files an appellate brief on behalf of Class Members (as Appellants)" or 35% "if a settlement is reached after K&S files an appellate brief on behalf of Class Members (as Appellees)."[24]

17. Mr. Kennedy participated in the preparation of the MOU.[25]

18. The MOU provided no stated, explicit recovery for Mr. Kennedy or Mr. Sattiewhite.[26]

19. However, Mr. Kennedy and Mr. Cochell agreed to share fees at the district court level.[27]

20. Mr. Cochell acknowledged that Mr. Kennedy and he would split fees.[28]

21. Mr. Kennedy agreed to render legal services on behalf of himself and other objectors.[29]

22. The District Court action concluded with no recovery, and Kula & Samson filed a Notice of Appeal on behalf of the Plaintiffs.[30]

---

[23] *Id.* at ¶ 1.
[24] *Id.* at ¶ 2.
[25] See Exhibit "4" (Plaintiff Kirk A. Kennedy's Responses to Defendant Kula & Samson's First Set of Rule 261.(g) Interrogatories, ¶ 16).
[26] See Exhibit "11" (Memorandum of Understanding Between Law Firms).
[27] See Exhibit "12" (Plaintiff Kirk A. Kennedy's Responses to Defendant Kula & Samson's Second Set of Rule 26.1(g) Interrogatories). (Emphasis added.)
[28] See Exhibit "13" (E-mail from Cochell to Kula, Samson, and Kennedy dated 10/14/11 [8:57 am]).
[29] See Exhibit "12."



23. Mr. Cochell was not retained by the Plaintiffs to represent them in the appellate proceedings.[31] Mr. Kennedy advised Mr. Cochell on numerous occasions that he was no longer involved in the appeal.[32] Mr. Sattiewhite similarly sent multiple communications to Mr. Cochell in which he advised Mr. Cochell that he no longer represented him.[33]

24. Mr. Cochell concedes that he was discharged or terminated as counsel.[34]

25. Mr. Cochell later sent a letter on June 22, 2012, providing notice of a lien against any proceeds in this case.[35]

26. Mr. Kennedy sought to confirm the terms of agreement and have a client representation agreement in place for the appeal between Kula & Samson and Alderman & Kodsi.[36]

27. Mr. Kennedy requested an engagement letter between Kula & Samson and Alderman & Kodsi that included the language from the MOU regarding compensation for both firms.[37]

28. Mr. Kula edited the engagement letter and sent it to Mr. Kennedy on December 27, 2011.[38] Mr. Kennedy revised same and re-sent it to Mr. Kula on December 29, 2011, for execution.[39]

---

[30] See Plaintiff's Second Amended Complaint, D.E. 47, ¶ 14.
[31] See Composite Exhibit "4" (Plaintiff Kirk A. Kennedy's Responses to Defendant Kula & Samson's First Set of Rule 261.(g) Interrogatories, ¶ 10).
[32] See Composite Exhibit "14" (E-mail from Kennedy to Kula, Kodsi, Samson, and Sattiewhite, dated 1/3/12); (E-mail from Kennedy to Kula, Kodsi, Samson, and Sattiewhite, dated 1/9/12); (E-mail from Kennedy to Kula, Kodsi, Samson, and Sattiewhite, dated 1/11/12); (January 15, 2012 letter from Kennedy to Cochell).
[33] See Composite Exhibit "15" (E-mail from Sattiewhite to Cochell dated 1/12/2012 [1:04 am]); E-mail from Sattiewhite to Samson, Kennedy, Kula and Kodsi dated 1/12/2012 [12:37 am]).
[34] See Composite Exhibit "4" (Intervenor Stephen R. Cochell's Response to Kula & Samson's First Request for Admissions, ¶ 18); (Intervenor Stephen Cochell's Response to Kula & Samson's First Set of Interrogatories, ¶ 10).
[35] See Plaintiff's Second Amended Complaint, D.E. 47-3.
[36] See Composite Exhibit "16" (E-mail from Kennedy to Kula, dated 11/27/11); (E-mail from Kennedy to Kula and Kodsi dated 12/9/11); (E-mail from Kennedy to Kula dated 12/16/11).
[37] See Composite Exhibit "17" (E-mails from Kennedy to Kula dated 10/21/11 at 10:27 am and 5:12 pm).



29. Mr. Kennedy incorporated the terms of the MOU into the subsequent fee agreement.[40]

30. Mr. Kennedy edited, reviewed, revised, and negotiated the terms of the subsequent fee agreement.[41] Mr. Kennedy negotiated that the amount exceeding the $15,000.00 surplus be deemed "Remainder," not "attorneys' fees."[42]

31. On or about January 3, 2012, the Plaintiffs entered into a fee agreement with Kula & Samson and Alderman & Kodsi in which the firms agreed to represent the Plaintiffs in an appeal to the Eleventh Circuit Court of Appeal.[43] The parties agreed that in the event of a settlement, the Plaintiffs would each be awarded $7,500.00, and any amount in excess of $15,000.00 (termed the "Remainder") would be divided, with the Plaintiffs and Defendants each obtaining 40% of the Remainder, and Alderman & Kodsi obtaining 20%.[44]

32. Mr. Kennedy and Mr. Sattiewhite executed the fee agreement.[45]

33. The MOU and subsequent fee agreement was executed without any duress.

34. The $7,500.00 payment to each Plaintiff constituted compensation of its actual losses, plus reimbursement of costs, plus a service award.[46]

35. The parties obtained a settlement of $1,100,000.00.

36. The entirety of the Plaintiffs' actual damages from acts complained of in the underlying litigation were compensated.[47]

---

[38] See Composite Exhibit "18" (E-mail from Kula to Samson dated 12/27/11).
[39] *Id.* (E-mail from Kennedy to Kula, Kodsi, Samson, and Sattiewhite dated 12/29/11 [3:25 pm]).
[40] *Id.* (E-mail from Kennedy to Kula dated 12/29/11 [4:05 pm]).
[41] *Id.*; see also Exhibit "19" (E-mail thread from 1/2/12); Exhibit "20" (E-mail thread from 1/2/12).
[42] See Exhibit "19" (E-mail from Kennedy to Kula dated 1/2/12 [11:22 am]).
[43] See Plaintiff's Second Amended Complaint, D.E. 47-1.
[44] *Id.*
[45] *Id.*
[46] *Id.*
[47] *Id.*



37. Mr. Kennedy himself drafted a Closing Statement in which he indicated that the Defendants would be entitled to the agreed-upon 40% recovery and sent it to the Defendants.[48]

38. On October 17, 2012, Kula & Samson sent a letter to the Plaintiffs in which it indicated that it would distribute $389,000.00 to Mr. Kennedy on behalf of himself and Mr. Sattiewhite, $433,000.00 to themselves, and $108,500 to each Jason Alderman and Neil Kodsi.[49] In that letter, the Defendants indicated that $60,000.00 would remain in its trust account and set forth the manner in which that figure was computed.[50]

39. The Defendants relied upon the Rules Regulating the Florida Bar, Florida Bar Ethics Opinion 02-04, and the Florida Bar Ethics Hotline in order to withhold $60,000.00 to satisfy any potential claim made by Mr. Cochell as to the proceeds of settlement.[51]

40. After the initiation of this litigation, Judge King issued an Order denying a motion for approval of settlement funds noting that it had "mistakenly overruled" objections advanced by the Defendants at the November 7, 2011, hearing and awarded an additional $34 million to the class on account of arguments presented by the Defendants.[52]

41. Mr. Kennedy claims in his Third Amended Rule 26 disclosures that he originated one or two issues that were the subject of the appeal.[53]

42. Throughout the litigation, Mr. Kennedy acted on behalf of himself and Mr. Sattiewhite.

---

[48] See Exhibit "21" (draft Closing Statement).
[49] See Plaintiffs' Second Amended Complaint, D.E. 47-5.
[50] *Id.*
[51] *Id.*
[52] See Exhibit "22" (Order Denying Joint Motion for Approval of Cy Pres Distribution of Settlement Funds, 1:09-MD-02036-JLK).
[53] See Exhibit "23" (Plaintiffs' Third Amended Rule 26(a)(1) and 26(a)(2)(A) Disclosures).



43. Neither the subsequent fee agreement or its addendum provides any recovery for Mr. Cochell.[54]

                                        Respectfully submitted,

                                        ***KLEIN GLASSER PARK LOWE & PELSTRING, P.L.***
                                        *Attorneys for Kula & Samson, LLP, Elliot B. Kula and Dan Samson*
                                        9130 South Dadeland Blvd.
                                        Suite 1225
                                        Miami, FL 33156
                                        305.670.3700
                                        305.670.8592 - fax
                                        kleinr@kgplp.com

                                        By      /s/ Robert M. Klein
                                                      ROBERT M. KLEIN
                                                      Florida Bar No. 230022
                                                      ALEX DIAZ
                                                      Florida Bar No. 17243

---

[54] See Plaintiffs' Second Amended Complaint, 47-1, 47-2.



**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on this **16th** day of July, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*KLEIN GLASSER PARK LOWE & PELSTRING, P.L.*
*Attorneys for Kula & Samson, LLP,*
*Elliot B. Kula and Dan Samson*
9130 South Dadeland Blvd.
Suite 1225
Miami, FL  33156
305.670.3700
305.670.8592 - fax
kleinr@kgplp.com

By    /s/ Robert M. Klein
       ROBERT M. KLEIN
       Florida Bar No. 230022
       ALEX DIAZ
       Florida Bar No. 17243



**SERVICE LIST**

**Andrew R. Korn, Esq.**
Attorney for Plaintiffs
The Korn Diaz Firm
4221 Avondale Avenue
Dallas, TX 75219
*Via CM/ECF* – akorn@kbdtexas.com

**Scott Orth, Esq.**
Law Offices of Scott A. Orth, P.A.
3880 Sheridan Street
Hollywood, FL 33021
*Via CM/ECF* - scott@orthlawoffice.com

**Stephen R. Cochell, Esq.**
The Cochell Law Firm, P.C.
7026 Old Katy Rd., Suite 259
Houston, TX 77096
*Via CM/ECF* - srcochell@cochellfirm.com

**Joseph Portuondo, Esq.**
110 Merrick Way
Suite 3-B
Coral Gables, FL 33134
*Via CM/ECF* - jjp@portuondolaw.com

